IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CODY FRANKLIN ELLERMAN,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 10-860-GPM |
| | ) |
| **LISA J. W. HOLLINGSWORTH,** | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Petitioner Cody Franklin Ellerman brings this action pro se pursuant to 28 U.S.C. § 2241. In 2004 Ellerman was sentenced in the United States District Court for the Western District of Louisiana to 262 months' imprisonment following a plea of guilty to an indictment charging him with the offense of unlawful possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2). At sentencing, the district judge found that Ellerman was an armed career criminal within the meaning of 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4, because Ellerman had at the time of his federal firearms offense three or more felony convictions for drug offenses. Ellerman currently is confined at the United States Penitentiary in Marion, Illinois. In his Section 2241 petition Ellerman argues that his conviction on a federal firearms charge should be vacated and he should be re-sentenced because he was sentenced incorrectly as an armed career criminal. An armed career criminal is a person who has violated 18 U.S.C. § 922(g)(1), making it a crime for a person who has previously been convicted of a crime punishable by imprisonment for a year or more to possess a firearm, who at the time of the offense had been convicted on three previous occasions of

a violent felony or a serious drug offense, or both. *See* 18 U.S.C. § 924(e)(1). Status as an armed career criminal carries a minimum sentence of fifteen years' imprisonment. *See id.* A serious drug offense for purposes of the armed career criminal statute includes an offense under state law involving manufacturing, distributing, or possessing with intent to manufacture or distribute a controlled substance, as defined in 21 U.S.C. 802, for which a maximum term of imprisonment of ten years or more is prescribed by law. *See* 18 U.S.C. § 924(e)(2)(A)(ii). According to Ellerman, his three or more prior drug felonies were four convictions for sale of marijuana under a Kansas statute (now repealed, it appears) for which the maximum penalty was imprisonment for fifty-one months, far less than the ten-year maximum term required under the armed career criminal statute. Therefore, Ellerman contends, his sentence for the offense of unlawful possession of a firearm by a felon should be vacated, and he should be re-sentenced without application of the armed career criminal statute and its accompanying provisions under the United States Sentencing Guidelines.[1]

Pursuant to the Rules Governing Section 2254 Cases in United States District Courts, upon preliminary consideration of a petition for a writ of habeas corpus by a district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. In its discretion, the Court can apply

---

1. This perhaps is the place to note that, according to the electronic docket of the United States District Court for the Western District of Louisiana, in 2004 Ellerman also received an eighteen-month federal sentence for escaping from a state prison where he was confined at the direction of the Attorney General of the United States or the Attorney General's designee, in violation of 18 U.S.C. § 751. However, Ellerman does not contest that sentence in his petition in this case.

this rule to other habeas corpus cases. *See* Rules Governing § 2254 Cases, Rule 1(b), 28 U.S.C. foll. § 2254; *Howard v. Certain Unnamed Aircraft Pilots*, No. 90 C 7197, 1991 WL 9032, at *1 n.1 (N.D. Ill. Jan. 17, 1991). The Court, consistent with its usual practice in habeas corpus cases, has undertaken to give preliminary consideration of Ellerman's petition pursuant to 28 U.S.C. § 2241. That statute provides, in relevant part, that "[w]rits of habeas corpus may be granted by . . . the district courts[.]" 28 U.S.C. § 2241(a). Complicating matters, however, is the fact that, as Ellerman acknowledges in his Section 2241 petition, he previously filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 in the United States District Court for the Western District of Louisiana, where, as noted, Ellerman was sentenced. *See* 28 U.S.C. § 2255(a) (providing that a motion under Section 2255 to vacate, set aside, or correct a federal sentence may be brought only in the federal trial court where the sentence was imposed).

In *Kramer v. Olson*, 347 F.3d 214 (7th Cir. 2003), the United States Court of Appeals for the Seventh Circuit noted that a federal prisoner usually must challenge his or her sentence under 28 U.S.C. § 2255. *See id*. at 217 ("Ordinarily § 2255 is the exclusive means for a federal prisoner to attack his conviction."). *See also Garza v. Lappin*, 253 F.3d 918, 921 (7th Cir. 2001) ("In general, federal prisoners who wish to attack the validity of their convictions or sentences are required to proceed under § 2255."). As a rule, a federal prisoner may not bring successive challenges to his or her sentence under Section 2255, save with the certification of a federal court of appeals. *See* 28 U.S.C. § 2255(h); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). However, a federal prisoner may bring a petition under 28 U.S.C. § 2241 to challenge his or her sentence if a Section 2255 motion is "inadequate or ineffective to test the legality of [the prisoner's] detention." 28 U.S.C. § 2255(e). A motion under Section 2255 is inadequate, for example, when the statutory

limit on second or successive motions "prevent[s] a prisoner from obtaining review of a legal theory that 'establishes the petitioner's actual innocence.'" *Kramer*, 347 F.3d at 217 (quoting *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002)). This provision of Section 2255 is referred to as the statute's "savings clause." *See id*. To raise a challenge to a sentence in a Section 2241 petition where the petitioner already has filed a Section 2255 motion, the petitioner must show (1) the legal theory on which he or she relies depends on a change in the law that postdated the petitioner's Section 2255 motion and would not be allowed in a second or successive petition under the requirements of Section 2255 and (2) the theory supports a non-frivolous claim of actual innocence. *See id*. (citing *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998)) ("Every court that has addressed the matter has held that § 2255 is 'inadequate or ineffective' only when a structural problem in § 2255 forecloses even one round of effective collateral review – and then only when as in *Davenport* the claim being foreclosed is one of actual innocence.").

In this instance, Ellerman candidly acknowledges that "[i]n the instant case, the petitioner is unable to make a claim of actual innocence, nor does he elect to do so[.]" Doc. 1 (Petition) at 11-12 . Ellerman goes on to say that "the petitioner is simply alleging that the calculation of his sentence and therefore, the execution thereof is unconstitutional." *Id*. at 12. With these words, Ellerman has pled himself out of court, as the saying goes. As already has been discussed, a federal prisoner bringing a petition under 28 U.S.C. § 2241 to challenge his or her sentence after having previously brought a petition under 28 U.S.C. § 2255 to challenge the sentence must be able to articulate a non-frivolous claim of actual innocence. In turn, a non-frivolous claim of actual innocence means that a petitioner under Section 2241 who previously challenged his or her federal conviction under Section 2255 can "admit everything charged in [the] indictment, but the

conduct no longer amount[s] to a crime under the statutes (as correctly understood)." *Kramer*, 347 F.3d at 218. Ellerman's contention is not that he is innocent of the federal crime of which he was convicted, but that he was sentenced incorrectly for that crime. However, "[t]oo much imprisonment is not the equivalent of innocence of the crime." *Harvey v. Sherrod*, No. 08-CV-613-DRH, 2009 WL 2231718, at *9 (S.D. Ill. July 27, 2009) (citing *Unthank v. Jett*, 549 F.3d 534, 536 (7th Cir. 2008)) (dismissing a Section 2241 petition). In sum, the Court finds that Ellerman fails to make a non-frivolous claim of actual innocence of the crime of conviction that is necessary to satisfy the Seventh Circuit's standard for a federal prisoner to bring a collateral attack on his sentence via Section 2241. Thus, pursuant to Section 2255(e), the Court is without jurisdiction to consider the merits of Ellerman's Section 2241 petition.[2]

To conclude, the Court finds that the petition in this case does not withstand preliminary consideration, and therefore this action is hereby **DISMISSED with prejudice**. The Clerk of Court will enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED: December 14, 2010

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge

---

2. The Court notes that occasionally a case involving an insufficient petition for habeas corpus relief is recast as a civil-rights action, and vice versa, a practice that the Seventh Circuit Court of Appeals discourages. *See Bunn v. Conley*, 309 F.3d 1002, 1007 (7th Cir. 2002); *Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997). The Court sees no reason to convert this case to an action brought pursuant to the doctrine of *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).